[No. 1041.    September 13, 1904.]

JOSE D. SENA, Appellee, v. COUNTY OF BERNALILLO, Appellant.

### SYLLABUS.

1. The clerk of this court is entitled to fees for services rendered in a suit for taxes brought under sections 649 and 650 Compiled Laws of 1897.

Appeal from the district court of Bernalillo county before BENJAMIN S. BAKER, Associate Judge. Affirmed.

F. W. CLANCY for appellant.

The Clerk of the Supreme Court can make no charge for services rendered to the Territory.

Sec. 7, Chap. 81, Laws of 1899, p. 185.

The taxes sued for were levied in each of the years 1893 to 1896, both inclusive, and included both Territorial and county taxes (Session Laws of 1895, p. 46) ; and in 1897, sec. 4184 of the Comp. Laws of 1897 was enacted; and in 1899 the law was passed of

which section 2 appears on page 106 of the printed laws of 1899; and on March 15, 1901, that which appears on page 52 of the Laws of that year, became a law. These laws and parts of laws constitute all the authorities cited in this case.

W. B. CHILDERS and E. W. MEDLER, for appellee.

OPINION OF THE COURT.

PARKER, J.—This is an action for fees as clerk of the Supreme Court of New Mexico. The services were rendered from December 1, 1899, to April 28, 1902. Prior to March 16, 1899, the clerk of the Supreme Court received fees for his services, but at that time he was put upon a salary of nine hundred dollars per annum. Laws of 1899, p. 185.

It is to be observed that this act in no way seeks to limit the compensation of the clerk to the salary provided, but simply limits the liability of the Territory to that amount. The clerk may still charge fees for services rendered all other litigants. Section 1796, Comp. Laws 1897.

The services were rendered in a case brought in the name of the Territory to recover taxes for the years 1893 · 1894, 1895 and 1896, which cause was begun in 1897. It is claimed by appellant that the Territory was a real party in interest, being at the time the services were rendered entitled to a portion of the recovery, and that consequently the clerk could recover no fee at all. We cannot agree to this contention.

It is probably true, as claimed by appellant, that not until 1901, Laws of 1901, p. 52, was the Territorial part of the taxes of all the years for which this suit was brought relinquished to the counties wherein levied. All had been, however, except for the year 1895. Laws 1895, p. 46; Comp. Laws 1897, sec. 4184; Laws of 1899, p. 106.

This suit for taxes was brought in pursuance of sections 649 and 650, Comp. Laws 1897. It was brought by Bernalillo county, by specially employed counsel, the county at the time being entitled to the taxes for all the years except one, the Territory being incidentally interested to the extent of a part of the taxes for 1895. The services were not performed for the Territory, except incidentally, but for Bernalillo county, the moving party. The effect of the statute, section 649 and 650, was to authorize counties to use the name of the Territory in actions to recover taxes due them; to employ counsel and contract for their compensation and to incur expenses in prosecuting any appeal from this court to the Supreme Court of the United States; to include in the action any taxes due the Territory; and to agree on the part of the Territory to pay its proposition of the counsel fees and expenses.

Assuming that the salary pays all the Territory owes the clerk, it would seem that, justly, such a proportion of the clerk's claim as the Territorial part of the taxes bears to the whole taxes should be deducted, but no provision for such apportionment is to be found in the statute. Hence we see no way in which the clerk can be deprived of any portion of his compensation for services which he primarily rendered Bernalillo county.

The judgment of the lower court will therefore be affirmed, and it is so ordered.

Mills, C. J., Pope and McFie, JJ., concur.

Baker, A. J., having heard the case below, and Mann, A. J., not having heard the argument, did not participate in this decision.